UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRED PHILLIPP, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:11CV01046 AGF |
| | ) |
| CAPITAL RESTORATION & | ) |
| PAINTING CO., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This action to collect delinquent contributions to several employee benefits funds and attendant damages under the Employee Retirement Income Security Act, 29 U.S.C. § 1132, is before the Court on two motions for default judgment (Doc. Nos. 25 and 34). Each motion seeks default judgment against two corporate Defendants, with respect to which the Clerk's Office entered orders of default. The remaining Defendant, Gary Sextro, was joined as a Defendant by means of Plaintiffs' amended complaint filed on February 24, 2012. Sextro is being sued for the same alleged liability on the theory that he operated the four corporate Defendants as an extension of himself and not as separate business entities. Sextro filed a timely answer and the case is set for a Rule 16 scheduling conference on June 1, 2012.

Where multiple defendants are sued under a theory of joint and several liability and less than all of them default, a court should not enter default judgment against the defaulted defendant(s) until the liability of the nondefaulted defendant(s) has been decided, as the entry of such a partial default judgment could result in inconsistent

outcomes. *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997); *F.F. Heating & Cooling, Inc. v. Lewis Mech. Servs.*, No. 4:09CV1496 CAS, 2010 WL 3720190, at *2 (E.D. Mo. Sept. 13, 2010). Here, the Court believes that the best course to follow is to deny the motions for partial summary judgment without prejudice to Plaintiffs' right to renew the motions after any determination of liability and damages with respect to Sextro. *See F.F. Heating & Cooling, Inc.*, 2010 WL 3720190, at *2 (denying without prejudice one defendant's motion for default judgment in an action for breach of contract and quantum meruit where liability of similarly-situated answering defendants was yet to be determined); *Trustees of Pension & Welfare Funds of Moving Picture Mach. Operators Union, Local 306 v. Queens Circuit Mgmt. Corp.*, No. 11-CV-5882 (DLI), 2012 WL 825026, at *2 (E.D. N.Y. March 9, 2012) (same in ERISA case for delinquent contributions); *Central Laborers' Pension, Welfare & Annuity Funds v. W.C. Beiser Concrete Co.*, No. 10-cv-611-JPG-PMF, 2011 WL 1549226, at *5 (S.D. Ill. April 21, 2011) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motions for partial default judgment (Doc. No. 25 and Doc. No. 34) are **DENIED without prejudice**.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2012.